IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANTONIO LAMONT ALLISON,

     Petitioner,

v.                                      Civil Action No. **3:13CV824**

GREGORY HOLLOWAY,

     Respondent.

## MEMORANDUM OPINION

Antonio Lamont Allison, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") challenging his convictions in the Circuit Court of the City of Richmond, Virginia ("Circuit Court"). Respondent moves to dismiss, *inter alia*, on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Despite sending appropriate *Roseboro*[1] notice with the Motion to Dismiss, Allison has not responded.[2] The matter is ripe for disposition.

## I. PROCEDURAL HISTORY

After a bench trial, the Circuit Court found Allison guilty of abduction with intent to defile and object sexual penetration. On April 8, 2010, the Circuit Court entered final judgment with respect to the above convictions and sentenced Allison to forty years in prison. *Commonwealth v. Allison*, Nos. CR08–F–4690 and CR08–F–4692, at 1–2 (Va. Cir. Ct. Apr. 8, 2010). Allison appealed his convictions. On August 30, 2011, the Supreme Court of Virginia

---

[1] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

[2] On October 28, 2014, Allison wrote a letter to the Court asking for a stay of the proceedings because he was transferred to medical facilities beginning on October 18, 2014. Allison's time for filing a response expired in June 2014. At this point, no stay is warranted. Accordingly, Allison's request for a stay (ECF No. 19) will be DENIED.

refused Allison's petition for appeal. *Allison v. Commonwealth*, No. 110601, at 1 (Va. Aug. 30, 2011).

On August 24, 2012,[3] Allison filed a petition for writ of habeas corpus in the Circuit Court. On December 5, 2012, the Circuit Court dismissed the petition. *Allison v. Warden*, No. CL12–3815, at 1–11 (Va. Cir. Ct. Dec. 5, 2012). On January 10, 2013, the Court of Appeals of Virginia received Allison's notice of appeal, Notice of Appeal at 1, *Allison v. Warden*, No. 0076–13–2 (Va. Ct. App. Jan. 10, 2013), and forwarded the appeal to the Supreme Court of Virginia on February 7, 2013. *Allison v. Warden*, No. 0076–13–2, at 1 (Va. Ct. App. Feb. 7, 2013). On February 12, 2013, the Supreme Court of Virginia ordered Allison to file a petition for appeal within thirty days. *Allison v. Warden*, No. 130419, at 1 (Va. Feb. 12, 2013). On June 28, 2013, the Supreme Court of Virginia dismissed the petition for failing to assign error in compliance with Supreme Court of Virginia Rule 5:17(c)(1)(i).[4] *Allison v. Warden*, No. 130419, at 1 (Va. June 28, 2013).

---

[3] The Circuit Court date stamped Allison's petition filed on August 30, 2012. Respondent concedes that Allison placed his petition in institutional mail on August 24, 2012, and utilizes that date as the date for filing under Supreme Court of Virginia Rule 3A:25 ("Timely filing of a paper by an inmate . . . may be established by (1) an official stamp of the institution showing the paper was deposited in the internal mail system on or before the last day for filing . . . .")

[4] This rule states in relevant part:

**(c) What the Petition Must Contain.** A petition for appeal must contain the following:
(1) *Assignments of Error*. Under a heading entitled "Assignments of Error," the petition shall list, clearly and concisely and without extraneous argument, the specific errors in the rulings below upon which the party intends to rely. . . .
    (i) Effect of Failure to Assign Error. Only assignments of error assigned in the petition for appeal will be noticed by this Court. If the petition for appeal does not contain assignments of error, the petition shall be dismissed.
    . . . .

Va. Sup. Ct. R. 5:17(c)(1)(i).

On November 25, 2013, Allison filed the instant § 2254 Petition with this Court.[5]  In his

§ 2254 Petition, Allison asserts:[6]

| | |
|---|---|
| Claim One | The state court erred in denying his motion to strike the evidence and motion to set aside the verdict in the abduction with intent to defile charge. |
| Claim Two | The state court erred in denying Allison's abduction with intent to defile jury instruction. |
| Claim Three | The state court erred in denying the incidental detention doctrine jury instruction. |
| Claim Four | The state court erred in denying Allison's instruction concerning eyewitness testimony. |

## II. ANALYSIS

### A.   Statute of Limitations

Respondent contends that the federal statute of limitations bars Allison's claims.  Section

101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C.

§ 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas

corpus by a person in custody pursuant to the judgment of a state court.  Specifically, 28 U.S.C.

§ 2244(d) now reads:

> 1.   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
> > (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[5] This is the date Allison executed his § 2254 Petition.  (§ 2254 Pet. 32 (as paginated by the Court's CM/ECF docketing system).)  Accordingly, the Court deems this the date Allison placed the § 2254 Petition in the prison mailing system and, hence, the filed date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

[6] The Court employs the pagination assigned by the CM/ECF docketing system for quotations from and citations to Allison's § 2254 Petition.

**(B)**   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

**(C)**   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(D)**   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

**2.**   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B.   Commencement and Running of the Statute of Limitations

Allison's judgment became final on Monday, November 28, 2011, when the time to file a petition for a writ of certiorari expired. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Sup. Ct. R. 13(1) (requiring that a petition for certiorari should be filed within ninety days of entry of judgment by state court of last resort or of the order denying discretionary review). The limitation period began to run on November 29, 2011, and 269 days of the limitation period elapsed before Allison filed his state petition for a writ of habeas corpus on August 24, 2012. *See* 28 U.S.C. § 2244(d)(2).

### C.   Statutory Tolling

To qualify for statutory tolling, an action must be a (1) properly filed (2) post-conviction or other collateral review of (3) the pertinent judgment. 28 U.S.C. § 2244(d)(2). "[A]n

application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These rules and laws "usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id.* (footnote omitted) (citations omitted).

The limitation period remained tolled from the filing of Allison's petition for writ of corpus on August 24, 2012 until the Circuit Court dismissed the petition on December 5, 2012. *See Allison v. Warden*, No. CL12–3815, at 1–11 (Va. Cir. Ct. Dec. 5, 2012). Because Allison's petition for appeal was not properly filed, he lacks entitlement to statutory tolling for the period in which he pursued his collateral appeal. *See Breckenridge v. Barksdale*, No. 7:11CV00487, 2012 WL 2789739, at *4 (W.D. Va. July 9, 2012) (citing *Artuz*, 531 U.S. at 8; *Christian v. Baskerville*, 232 F. Supp. 2d 605, 607 (E.D. Va. 2001)); *see, e.g., Escalante v. Watson*, 488 F. App'x 694, 699 (4th Cir. 2012) (refusing to toll limitation period for the time period where the inmate's defective petition for appeal was pending before the Supreme Court of Virginia). Accordingly, the limitation period began running again on December 6, 2012.

Upon the dismissal of his state habeas petition by the Circuit Court, Allison had 96 days, or until Monday, March 11, 2013, to timely file his § 2254 petition. Allison failed to file the present § 2254 Petition until November 25, 2013. Because the limitation period ran for more than a year and eight months before Allison filed the instant § 2254 Petition, the statute of limitations bars the § 2254 Petition unless Allison demonstrates entitlement to a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)–(D) or equitable tolling.

Allison only argues that his petition is timely because he is "ignorant of the law[. He] was under the impression that [he] had only a one-year statu[t]e of limitations to file[ his] state habeas corpus and not that the tolled time also apply to federal habeas corpus, although [he] was not intending to file a federal habeas[,] but [he] learned through research that [he] could." (§ 2254 Pet. 31 (capitalization corrected).) Allison fails to demonstrate entitlement to a belated commencement of the limitations period under § 2244(d)(1)(B)–(D). Moreover, neither Allison nor the record suggests entitlement to equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (citations omitted) (observing that *pro se* status and ignorance of the law fail to warrant equitable tolling). Thus, the statute of limitations bars Allison's § 2254 Petition.

### III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 13) will be GRANTED. Allison's petition for relief under 28 U.S.C. § 2254 will be DENIED. The action will be DISMISSED.[7]

An appropriate Final Order shall issue.

Date: 11/14/14
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge

---

[7] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Allison fails to meet this standard. Accordingly, a certificate of appealability will be DENIED.